UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARLON BOWLES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:20-cv-07413 |
| | ) | |
| ABBVIE INC., ABBVIE 1-100 | ) | |
| AND ABBOTT 1-100 | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ABBVIE INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant AbbVie Inc. ("AbbVie") hereby moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, AbbVie states as follows:

1. The U.S. Food and Drug Administration (FDA) approved AbbVie's drug, HUMIRA, for use to treat rheumatoid arthritis in December 2003. In October 2005, the FDA approved psoriatic arthritis as an additional indication for HUMIRA.

2. In early 2018, Plaintiff was allegedly diagnosed with psoriatic arthritis, and he was prescribed HUMIRA. Compl. [ECF No. 1] at ¶¶ 57-58. In late April 2018, after allegedly receiving three doses of HUMIRA, Plaintiff was admitted to the hospital for acute renal failure and interstitial lung disease (ILD). *Id*. at ¶¶ 57-60.

3. On December 15, 2020, Plaintiff filed this products liability lawsuit against AbbVie, alleging seven titled causes of action related to AbbVie's failure to include warnings for kidney failure and/or ILD in HUMIRA's package insert: (1) Strict Liability – Failure to Warn (¶¶ 63-65); (2) Negligence (¶¶ 66-102); (3) Breach of Implied Warranty (¶¶ 103-107); (4) Breach of Express Warranty (¶¶ 108-111); (5) Fraud (¶¶112-116); (6) Negligent Misrepresentation (¶¶117-

1

123); and (7) Gross Negligence (¶¶124-137). AbbVie now moves to dismiss all seven of Plaintiff's claims under Rule 12(b)(6) on the basis that they are barred under Texas law, which applies in this case.

4. First, all of Plaintiff's claims, despite being titled/styled otherwise, are based on AbbVie's alleged failure to warn. Under Texas law, manufacturers of FDA-approved pharmaceutical drugs, like HUMIRA, are presumed to not be liable for any products liability claim premised on failure to warn. Tex. Civ. Prac. & Rem. Code Ann. § 82.007 (a)(1). While there are certain statutory exceptions to rebut this presumption of non-liability (§ 82.007 (b)(1 - 5)), the only exception that could potentially apply given the factual assertions in the Complaint, is subsection (b)(1). That subsection requires Plaintiff to prove that AbbVie "withheld from or misrepresented to the [FDA] required information that was material and relevant to the performance of the product and was causally related to the claimant's injury." § 82.007 (b)(1). This pathway to rebut AbbVie's presumption of non-liability is preempted by the Federal Food, Drug, and Cosmetic Act (FDCA). *See Lofton v. McNeil Consumer & Specialty Pharm.*, 672 F.3d 372, 380 (5th Cir. 2012) (analyzing *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001)). Therefore, because all of Plaintiff's claims are premised on failure to warn and thus preempted, AbbVie is entitled to dismissal of the entire Complaint with prejudice under § 82.007.

5. Second, even if Plaintiff purports to allege causes of action that he asserts are not premised on failure to warn, such as negligent design defect, negligent failure to test, and/or negligent manufacturing defect, Plaintiff has wholly failed to satisfy the requisite pleading standard for those claims, which necessitates dismissal in that AbbVie does not have "fair notice" of the bases of those claims. *Fields v. Cty. of Cook*, No. 19-CV-02680, 2020 WL

5296926, at *3 (N.D. Ill. Sept. 4, 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

6. In further support of this Motion, AbbVie submits the accompanying Memorandum and Exhibits in support thereof.

WHEREFORE, AbbVie requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated: February 2, 2021  Respectfully submitted,

*/s/Patricia Brown Holmes*

Patricia Brown Holmes
Louis A. Klapp
Lucas Thor Rael
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
pholmes@rshc-law.com
lklapp@rshc-law.com
lrael@rshc-law.com

Orlando R. Richmond, Sr. (to be admitted *pro hac vice*)
Alyson B. Jones (to be admitted *pro hac vice*)
BUTLER SNOW, LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39157

*Attorneys for AbbVie Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2021, the foregoing document was filed using the Court's CM/ECF system, which will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

                                                                                  */s/Patricia Brown Holmes*
                                                                                  Patricia Brown Holmes
                                                                                  RILEY SAFER HOLMES & CANCILA LLP
                                                                                  70 W. Madison Street, Suite 2900
                                                                                  Chicago, Illinois 60602
                                                                                  (312) 471-8700