UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARLON BOWLES | ) | |
|       Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 1:20-cv-07413 |
| ABBVIE INC., ABBVIE 1-100 AND ABBOTT 1-100 | ) ) ) | |
|       Defendants. | ) ) | |

## JOINT INITIAL STATUS REPORT

**1.** **The Nature of the Case:**

    A. <u>Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.</u>

*Counsel for Plaintiff Marlon Bowles*

Ellen A. Presby – Lead Trial Attorney (admitted *pro hac vice)*
Emma C. Martin
Susan A. Allen, Of Counsel (admitted *pro hac vice*)
VAN WEY, PRESBY & WILLIAMS, PLLC
12720 Hillcrest Road, Suite 600
Dallas, Texas 75230
(214) 329-1350 Phone
(800) 582-1042 Facsimile
courtfilings@vwpwlaw.com
ellen@vwpwlaw.com
emma@vwpwlaw.com
susan@vwpwlaw.com

Keith Altman (admitted *pro hac vice*)
THE LAW OFFICE KEITH ALTMAN
33228 W. 12 Mile Road, Suite 375
Farmington Hills, MI 48334
(516) 456-5885 Phone
kaltman@lawampmmt.com

*Counsel for Defendant AbbVie Inc.*

Patricia Brown Holmes
Louis A. Klapp
Lucas Thor Rael
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
pholmes@rshc-law.com
lklapp@rshc-law.com
lrael@rshc-law.com

Orlando R. Richmond, Sr. – Lead Trial Attorney (Admitted *pro hac vice*)
Alyson B. Jones (Admitted *pro hac vice*)
BUTLER SNOW, LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39157
(601) 948-5711
Orlando.Richmond@butlersnow.com
Alyson.Jones@butlersnow.com

B. <u>Briefly describe the nature of the claims asserted in the complaint and any Counterclaims and/or third-party claims.</u>

This is a pharmaceutical products liability action in which Plaintiff alleges injuries resulting from use of the prescription drug HUMIRA, manufactured by Defendant AbbVie Inc. ("AbbVie"). Specifically, Plaintiff alleges he suffered kidney failure and progressive and potentially fatal interstitial lung disease after 3 injections of HUMIRA over a 3-month period which was prescribed for treatment of his psoriatic arthritis. HUMIRA was authorized for treatment of psoriatic arthritis on October the 4, 2005 by the FDA. Plaintiff alleges Defendant has never warned that HUMIRA can cause or exacerbate kidney failure and/or interstitial lung disease. Plaintiff claims Defendant was made aware of these complications through patient reports and case studies and they should have amended their warnings on their label. The Complaint sets forth the following titled causes of action: (1) Strict Liability – Failure to Warn; (2) Negligence; (3) Breach of Implied Warranty; (4) Breach of Express Warranty; (5) Fraud; (6) Negligent Misrepresentation; and (7) Gross Negligence. Defendant contends federal preemption allows dismissal of some or all of Plaintiff's Claims.

There are no counterclaims and/or third-party claims in this case.

C. <u>Briefly identify the major legal and factual issues in the case.</u>

Plaintiff claims that Illinois product liability law is substantively controlling on the issue of liability in the case because of the Defendant's substantial contacts with the state of Illinois.

Defendant AbbVie, the manufacturer of the FDA-approved drug HUMIRA, which includes FDA-approved warnings, contends that it is not and cannot be liable to Plaintiff under Texas law given that Texas law provides a presumption of non-liability to AbbVie in any warnings-based claim. This issue is the subject of AbbVie's Motion to Dismiss [ECF Nos. 8, 9], which is discussed in more detail below.

Should this case proceed to discovery and trial, the major factual issues will be (1) whether Plaintiff has admissible evidence to rebut the presumption of non-liability in favor of AbbVie; (2) whether HUMIRA's warnings adequately informed Plaintiff's prescribing physician, Dr. Basavaraju, of the risks associated with HUMIRA, and (3) if HUMIRA's warnings did not adequately warn of the risks, whether that failure to warn proximately caused Plaintiff's injuries.

D. <u>State the relief sought by any of the parties.</u>

Plaintiff seeks past and future medical bills, pain and suffering, mental anguish, physical limitations, loss of wages and future wage-earning capacity, and loss of enjoyment of life. Plaintiff also seeks punitive damages. At this time, AbbVie does not seek any relief other than dismissal with prejudice. *See* [ECF Nos. 8, 9].

2. **Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

A. <u>Identify all federal statutes on which federal question jurisdiction is based.</u>

None.

B. <u>If jurisdiction over any claims is based on diversity or supplemental jurisdiction:</u>

(1) Plaintiffs past medical bills exceed $660,669.56 are ongoing and he may require a lung transplant which cost will conservatively exceed $500,000.00.

(2) Identify the state of citizenship of each named party. For unincorporated associations, LLC's, partnerships and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.

*Plaintiff:* Texas

> *AbbVie Inc.:* Illinois (principal place of business) and Delaware (state of incorporation).

3. **Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do NOT report whether individual parties have so consented.**

   The parties do <u>not</u> consent to proceed before a United States Magistrate Judge.

4. **Status of Service: Identify any defendants that have not been served.**

   Defendant AbbVie is the only defendant that has been served, and Plaintiff is not seeking to proceed against any other defendants at this time.

5. **Motions:**

   A. <u>Briefly describe any pending motions.</u>

   AbbVie has filed a Motion to Dismiss Pursuant to Rule 12(b)(6). [ECF Nos. 8, 9]. AbbVie's pending Motion to Dismiss is premised on the following grounds:

   1. The factual assertions of the Complaint are such that all seven of Plaintiff's causes of action are based on a theory of failure to warn;
   2. Texas law, specifically Tex. Civ. Prac. & Rem. Code Ann. § 82.007 (a)(1), provides AbbVie with a presumption of non-liability against any warnings-based products liability claims;
   3. Plaintiff cannot rebut AbbVie's presumption of non-liability because the only potentially applicable statutory exception is preempted;
   4. To the extent Plaintiff purports to assert any cause of action not premised on the FDA-approved warnings, such claims either (1) fail the requisite pleading standard for lack of any factual enhancement, or (2) otherwise fail under Texas law.

   B. <u>State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.</u>

   AbbVie has responded to the Complaint with a Motion to Dismiss as discussed immediately above.

   C. <u>Proposed Briefing Schedule for AbbVie's Motion to Dismiss [ECF Nos. 8, 9].</u>

   AbbVie filed its Motion to Dismiss on February 2, 2021. Plaintiff has notified AbbVie that he will be amending his Complaint, which will render the Motion to Dismiss moot. The parties propose the following deadlines regarding the amended complaint:

1. Plaintiff shall file an amended complaint on or before February 16, 2021;

2. Defendant AbbVie shall file its answer or other responsive pleading to the amended complaint on or before March 18, 2021;

3. If Defendant AbbVie files a Rule 12 motion in response to the amended complaint, Plaintiff's response in opposition and memorandum brief shall be filed on or before April 19, 2021 and Defendant AbbVie's reply memorandum brief shall be filed on or before May 4, 2021

**6. Status of Settlement Discussions:**

A. <u>Indicate whether any settlement discussions have occurred;</u>

The plaintiff and AbbVie have engaged in settlement discussions both in writing and thereafter in a formal mediation conducted on December 14, 2020. The mediation was not successful, and Plaintiff filed his Complaint on December 15, 2020.

B. <u>Describe the status of any settlement discussions; and</u>

The plaintiff and AbbVie are not presently actively engaged in settlement discussions.

C. <u>Whether the parties request a settlement conference.</u>

The parties do <u>not</u> request a settlement conference at this time.

Dated: February 11, 2021           Respectfully submitted,

<u>/s/Patricia Brown Holmes</u>

Patricia Brown Holmes
Louis A. Klapp
Lucas Thor Rael
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
pholmes@rshc-law.com
lklapp@rshc-law.com
lrael@rshc-law.com

Orlando R. Richmond, Sr. (admitted *pro hac vice*)
Alyson B. Jones (admitted *pro hac vice*)
BUTLER SNOW, LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39157
*Attorneys for AbbVie Inc.*

**RESPECTFULLY SUBMITTED,**

**VAN WEY, PRESBY & WILLIAMS, PLLC**

BY: /s/ Ellen Presby
Ellen A. Presby (admitted *pro hac vice)*
Texas Bar No. 16249600
Emma C. Martin
Texas Bar No. 24104999
Susan A. Allen, Of Counsel (admitted *pro hac vice*)
Texas Bar No. 01059350
12720 Hillcrest Road, Suite 600
Dallas, Texas 75230
(214) 329-1350 Phone
(800) 582-1042 Facsimile
courtfilings@vwpwlaw.com
ellen@vwpwlaw.com
emma@vwpwlaw.com
susan@vwpwlaw.com

**AND**

**THE LAW OFFICE OF KEITH ALTMAN**

BY: /s/ Keith Altman

Keith Altman (*pro hac vice anticipated*)
California Bar No. 257309
33228 W. 12 Mile Road, Suite 375
Farmington Hills, MI 48334
(516) 456-5885 Phone
kaltman@lawampmmt.com

**COUNSEL FOR PETITIONER**