UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON BOWLES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:20-cv-07413 |
| ) | |
| ABBVIE INC., ABBVIE 1-100 ) | |
| AND ABBOTT 1-100 ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT ABBVIE INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant AbbVie Inc. ("AbbVie") hereby moves to dismiss Plaintiff's Amended Complaint [Dkt. No. 17] pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, AbbVie states as follows:

1. The U.S. Food and Drug Administration (FDA) approved AbbVie's drug, HUMIRA®, for use to treat rheumatoid arthritis on December 31, 2002. In October 2005, the FDA approved the use of HUMIRA as a treatment for psoriatic arthritis.

2. In early 2018, Plaintiff was allegedly diagnosed with psoriatic arthritis, and he was prescribed HUMIRA. Pl. Am. Compl. [Dkt. No. 17] at ¶¶ 70-71. In late April 2018, after allegedly receiving three doses of HUMIRA, Plaintiff was admitted to the hospital for acute renal failure and interstitial lung disease (ILD). *Id*. at ¶¶ 72-73.

3. On December 15, 2020, Plaintiff filed this products liability lawsuit against AbbVie [Dkt. No. 1], and on February 16, 2021, Plaintiff filed his First Amended Complaint. [Dkt. No. 17]. Plaintiff's First Amended Complaint purports to identify eight causes of action against AbbVie: (1) Strict Liability – Failure to Warn (¶¶ 78-80); (2) Negligence (¶¶ 81-119); (3) Breach of Implied Warranty (¶¶ 120-124); (4) Breach of Express Warranty (¶¶ 125-128); (5)

1

Fraud (¶¶ 129-133); (6) Negligent Failure to Test (¶¶ 134-141); (7) Negligent Misrepresentation (¶¶ 142-148); and (8) Gross Negligence (¶¶ 149-162). AbbVie now moves to dismiss all eight of Plaintiff's claims under Rule 12(b)(6) on the basis that they are barred under Texas law.

4. Despite the First Amended Complaint alleging otherwise, *see id*. at ¶ 14 (alleging that Illinois law applies), Texas substantive law applies in this case. And because the application of Texas law is outcome determinative in this case (*i.e.*, there is a conflict between Texas and Illinois law), the first step for the Court in ruling on this Motion is a choice-of-law analysis under the Restatement (Second) of Conflict of Laws, or the "most significant relationship test." *Paulsen v. Abbott Labs.*, No. 15-CV-4144, 2018 WL 1508532, at *12 (N.D. Ill. Mar. 27, 2018). Under this test, there is a "strong presumption" that Texas law will apply because Texas is the place of Plaintiff's injury. *See id*. Moreover, the "strong presumption" of Texas law is conclusively established after consideration of the Second Restatement's § 145 contacts and § 6 policy principles. Simply put, Texas substantive law applies here.

5. All eight of Plaintiff's claims, despite being titled/styled otherwise, are based on AbbVie's alleged failure to warn. Under Texas law, manufacturers of FDA-approved pharmaceutical drugs, like HUMIRA, are presumed to not be liable for any products liability claim premised on failure to warn. Tex. Civ. Prac. & Rem. Code Ann. § 82.007 (a)(1). While there are certain statutory exceptions to rebut this presumption of non-liability (§ 82.007 (b)(1 - 5)), the only exception that could potentially apply given the factual assertions in the Amended Complaint is subsection (b)(1), which requires Plaintiff to prove that AbbVie "withheld from or misrepresented to the [FDA] required information that was material and relevant to the performance of the product and was causally related to the claimant's injury." § 82.007 (b)(1). Subsection (b)(1), however, is preempted by the Federal Food, Drug, and Cosmetic Act unless

there has been an actual finding of fraud by the FDA, which Plaintiff has not (and cannot) allege. *See Lofton v. McNeil Consumer & Specialty Pharm.*, 672 F.3d 372, 380 (5th Cir. 2012) (analyzing *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001)). Therefore, because all of Plaintiff's claims are premised on failure to warn, they are preempted. *Parchim v. Biogen Inc.*, No. 619CV00524ADAJCM, 2019 WL 9654875, at *2 (W.D. Tex. Dec. 5, 2019) ("Under Texas law, if the claim is based on the product's labeling, its omissions, or inaccuracies, it falls under the purview of Section 82.007 regardless of how it is pleaded."). AbbVie is entitled to dismissal of the entire Amended Complaint with prejudice under § 82.007.

6. Second, even if Plaintiff purports to allege causes of action that he asserts are not premised on failure to warn, such as his generic Negligence and Gross Negligence claims (¶¶ 81-119; 149-162), Negligent – Failure to Test (¶¶ 134-141) or Breach of Express Warranty (¶¶ 125-128), Plaintiff has wholly failed to satisfy the requisite pleading standard for those claims, which necessitates dismissal in that AbbVie does not have "fair notice" of the bases of those claims. *Fields v. Cty. of Cook*, No. 19-CV-02680, 2020 WL 5296926, at *3 (N.D. Ill. Sept. 4, 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

7. Plaintiff has now filed the original Complaint and the Amended Complaint, and he has failed to state a claim under Texas law each time. As demonstrated by his inability to state a claim given the facts and circumstances of this case and Texas law, any further amendment would be futile. *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001) ("[W]e nevertheless must affirm the dismissal because an examination of the proposed amended complaint . . . make[s] clear that the amendment would have been futile.")

8. In further support of this Motion, AbbVie submits the accompanying Memorandum and Exhibits in support thereof.

WHEREFORE, AbbVie requests that the Court dismiss Plaintiff's First Amended Complaint in its entirety with prejudice.

Dated: March 18, 2021

Respectfully submitted,

/s/Patricia Brown Holmes
Patricia Brown Holmes
Louis A. Klapp
Lucas Thor Rael
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
pholmes@rshc-law.com
lklapp@rshc-law.com
lrael@rshc-law.com

Orlando R. Richmond, Sr. (admitted *pro hac vice*)
Alyson B. Jones (admitted *pro hac vice*)
Butler Snow LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
(601) 948-5711
Orlando.richmond@butlersnow.com
Alyson.jones@butlersnow.com

*Attorneys for AbbVie, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2021, the foregoing document was filed using the Court's CM/ECF system, which will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

*/s/Patricia Brown Holmes*
Patricia Brown Holmes
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
