IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Marlon Bowles | ) | |
| | ) | Case No: 20 C 7413 |
| | ) | |
| v. | ) | Judge: Martha M. Pacold |
| | ) | |
| AbbVie, Inc., | ) | |

## ORDER

The Court has questions about the propriety of federal subject matter jurisdiction. The only claimed basis for federal jurisdiction in this suit is diversity of citizenship. [17] ¶ 12. "[B]ecause the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship," anonymous or "'John Doe' defendants are not permitted in federal diversity suits." *Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir.1997). Here, Plaintiff's Complaint seeks to proceed against unknown or anonymous defendants, "AbbVie 1-100" and "Abbott 1-100," who are intended to represent any subsidiaries of AbbVie and Abbott that are or have been "associated in any way with HUMIRA." [17] ¶¶ 9-10. The Complaint does not state the citizenship of these unknown entities. Accordingly, Plaintiff is ordered to file a statement by 4/30/2021 explaining why the inclusion of these defendants does not destroy diversity jurisdiction. The court notes that a district court may restore complete diversity by dismissing nominal or dispensable parties. *See Newson v. Superior Court of Pima Cty.*, 784 F. App'x 964, 965 (7th Cir. 2019). If Plaintiff seeks to dismiss the anonymous defendants as either nominal or dispensable, Plaintiff's statement should explain why the parties are nominal or dispensable. Plaintiff should also confer with Defendant AbbVie and state whether AbbVie agrees these defendants are nominal or dispensable.

Date: March 18, 2021 /s/ <u>Martha M. Pacold</u>