**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MARLON BOWLES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:20-cv-07413 |
| | ) | |
| ABBVIE INC., ABBVIE 1-100 | ) | |
| AND ABBOTT 1-100 | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ABBVIE INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**I.  Introduction.**

Plaintiff seeks leave to file his ***third complaint in five months***.  He's not seeking leave to inject new factual developments or parties into the case; rather, Plaintiff simply cannot plead around the clear legal bar to this lawsuit—Tex. Civ. Prac. & Rem. Code Ann. § 82.007, which imposes a presumption that manufacturers of FDA-approved pharmaceutical drugs are not liable for the types of claims Plaintiff is attempting to assert.  Plaintiff has repeatedly failed to cure the deficiencies in his complaints, which have been apparent since the day he filed this lawsuit.  Plaintiff's motion for leave to file a second amended complaint should be denied.

**II.  Relevant Background.**

This is a products liability case that stems from Plaintiff's use of the FDA-approved drug, HUMIRA®.  Plaintiff filed this case on December 15, 2020.  [Dkt. No. 1] (the "Original Complaint").  AbbVie timely moved to dismiss Plaintiff's Original Complaint, on February 2, 2021, pursuant to Rule 12(b)(6), arguing that Plaintiff's entire case fails under Section 82.007.  [Dkt. Nos. 8, 9].  Plaintiff opted not to file a response in opposition to AbbVie's motion to

1

dismiss. Instead, he filed the First Amended Complaint as a matter of course on February 16, 2021. [Dkt. No. 17].

On March 18, 2021, AbbVie again moved to dismiss Plaintiff's entire First Amended Complaint under Rule 12(b)(6) primarily on the same grounds as before—that Section 82.007 bars this case as a matter of law. [Dkt. Nos. 23, 24]. Plaintiff has not filed a response in opposition.[1] Instead, like clockwork, he filed the instant motion seeking leave to try his hand once again at avoiding the inescapable conclusion of this case under Texas law. AbbVie opposes Plaintiff's motion for leave to file a second amended complaint.

## III. Analysis.

At the outset, AbbVie acknowledges the Court's broad discretion in ruling on Plaintiff's motion under Rule 15(a), which provides that "court[s] should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, [leave to amend] is not automatically granted." *Pudela v. Swanson*, 1994 WL 163916, at *1 (N.D. Ill. April 29, 1994) (citing *Johnson v. Methodist Med. Center of Ill.*, 10 F.3d 1300, 1303 (7th Cir. 1993). Indeed, district courts "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendant[ ], or where the amendment would be futile." *Right Field Rooftops, LLC v. Chi. Cubs Baseball Club, LLC*, 870 F.3d 682, 693 (7th Cir. 2017) (internal quotation marks omitted). "[A] party seeking an

---

[1] Despite representing that the instant motion was intended "to serve as [Plaintiff's] response to Defendants' March 18, 2021 Motion to Dismiss", Pl. Mot. [Dkt. No. 29], at 2, Plaintiff subsequently, on April 16, moved for an enlargement of time—seeking an additional seven days to respond to AbbVie's motion to dismiss should the Court deny leave to amend. [Dkt. No. 31]. On April 19, 2021, this Court granted Plaintiff's motion for an enlargement of time over AbbVie's objection. [Dkt. No. 32]. While AbbVie was not inclined to agree to what amounts to in excess of two-and-a-half months for Plaintiff to provide a substantive response to the motion to dismiss, AbbVie did agree with Plaintiff's proposed expedited briefing schedule as to this motion for leave to amend.

amendment [under Rule 15(a)] carries the burden of proof in showing that no prejudice will result to the non-moving party." *King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994); *see also Balzanto v. Nicholas Cuda, Ltd. Profit Sharing Plan*, 2001 WL 1104607, at *1 (N.D. Ill. Sept. 14, 2001) ("Because motions to amend complaints are 'addressed to the discretion of the district court,' they 'require[] more to compel acceptance than the fact that the pleading sought to be added states a claim.'") (quoting *Glatt v. Chicago Park District*, 87 F.3d 190, 194 (7th Cir. 1996)).

First, it is not entirely clear from the face of Plaintiff's motion whether there has been "undue delay, bad faith, [or] dilatory motive." *See id*. Notably, Plaintiff fails to provide an actual explanation for seeking leave to amend. Instead, he takes Rule 15(a)'s "freely given" standard for granted—resorting to boilerplate legal jargon and conclusory statements as grounds for his motion (which he opted to file without a supporting brief). *See* Pl. Mot. [Dkt. No. 29], at 1 (arguing that granting leave "would serve justice and promote judicial efficiency, in part because the Second Amended Complaint addresses issues raised by Defendants' most recent Motion to Dismiss").

Plaintiff did not explain how the proffered Second Amended Complaint "addresses issues raised by Defendants' most recent Motion to Dismiss." AbbVie and this Court are left to divine which allegations are sufficient to overcome the presumptive effect of Section 82.007 and other bases for dismissal as repeatedly argued and supported by AbbVie.

Nor did Plaintiff explain how "justice" and "judicial efficiency" would be served by continuing to allow Plaintiff to engage in a pattern of forcing AbbVie to spend considerable time and resources responding to plainly deficient complaints. By not even addressing this issue, Plaintiff has failed to meet his burden. *See Panjwani v. Holder*, 2011 WL 2470445, at *2 (N.D.

Ill. June 20, 2011) (denying motion to amend complaint where plaintiff did not address whether any delay was excessive or unduly prejudicial).

Second, regardless of the explanation or motive, Plaintiff has undoubtedly engaged in a "repeated failure to cure deficiencies." *See Right Field Rooftops, LLC*, 870 F.3d at 693; *see also Polly v. Adtalem Global Education, Inc.*, 2019 WL 587409, at *5 (N.D. Ill. Feb. 13, 2019) ("I retain broad discretion to deny leave to amend where there has been a repeated failure to cure deficiencies."). Ordinarily, a plaintiff "should be given at least one opportunity to amend . . . but is ***not entitled to additional opportunities if she failed to remedy defects apparent at the time of the prior amendment*** . . . ." *Hamilton v. JPMorgan Chase & Co.*, No. 19 C 5590, 2020 WL 4586109, at *1 (N.D. Ill. Aug. 10, 2020) (citing *Pension Tr. Fund for Operating Eng'rs v. Kohl's Corp.,* 895 F.3d 933, 941 (7th Cir. 2018) and *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017)) (emphasis added). Plaintiff has had his opportunity.

Moreover, granting Plaintiff's motion for leave will prejudice AbbVie. Indeed, "[AbbVie] has already litigated multiple rounds of Rule 12(b)(6) . . . motions, and granting [Plaintiff] leave to amend yet again would prejudice [AbbVie] by 'forcing [it] to articulate [even more] reasons for dismissal, and, at the same time providing [Plaintiff] with the opportunity to correct mistakes facially apparent since the first complaint after the defendant[ ] had shown [its] hand.'" *Hamilton*, 2020 WL 4586109, at *2 (quoting *Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 759 (7th Cir. 2002)).

As the Seventh Circuit put it in *Thompson*, this Court should "curtail[] this cat and mouse game of motions to dismiss followed by a motion to amend." *Thompson*, 300 F.3d at 759. AbbVie respectfully requests that Plaintiff's motion for leave to file a second amended complaint be denied.

4

Dated: April 20, 2021

Respectfully submitted,

*Orlando R. Richmond, Sr.*

Patricia Brown Holmes
Louis A. Klapp
Lucas Thor Rael
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
pholmes@rshc-law.com
lklapp@rshc-law.com
lrael@rshc-law.com

Orlando R. Richmond, Sr. (admitted *pro hac vice*)
Alyson B. Jones (admitted *pro hac vice*)
Butler Snow LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
(601) 948-5711
Orlando.richmond@butlersnow.com
Alyson.jones@butlersnow.com
*Attorneys for AbbVie, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2021, the foregoing document was filed using the Court's CM/ECF system, which will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

*/s/Orlando R. Richmond, Sr.*
Orlando R. Richmond, Sr. (admitted *pro hac vice*)
Butler Snow LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
(601) 948-5711
Orlando.richmond@butlersnow.com

5