# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |  | |
|---|---|---|---|
| MARLON BOWLES | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | Cause No: 1:20-cv-07413 | |
| | ) | | |
| ABBVIE INC., | ) | | |
| | ) | | |
| | ) | | |
| Defendant. | ) | | |

## PLAINTIFF MARLON BOWLES' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**I. Introduction**

Plaintiff Marlon Bowles has asked this Court for leave to file an amended complaint. (Dkt. No. 29). Further, this Court granted Mr. Bowles request to defer Plaintiff's response to the motion to dismiss filed by defendants (Dkt. No. 32). Plaintiff seeks permission to file his amended complaint.

**II. Argument**

Leave to amend a complaint shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Factors to be weighed in considering whether to allow the amendment are the following:

(1) Undue delay on the part of the movant;
(2) Bad faith on the part of the movant;
(3) Dilatory conduct on the part of the movant;
(4) Repeated failure on the part of the movant to cure deficiencies by previously allowed amendments;
(5) Undue prejudice to the opponent; and
(6) Futility.

*Pudela v. Swanson, et al.*, 1994 WL 163916, at *1 (N.D. Ill, April 29, 1994). None of these factors exist here. First, delay itself is not enough to deny an amendment. *Tragarz v. Keene Corp.*, 980

F.2d 411, 432 (7th Cir. 1992).  Second, Bowles showed his reasons for seeking the amendment (to better address issues in the motion to dismiss, and to address the Court's question about the unnamed defendants), and Defendant AbbVie does not contend the reasoning is in bad faith.  Third, the request for leave to amend was timely, before Plaintiff's response to the motion was due (unlike *Panjwani v. Holder*, 2011 WL 2470445 (N.D. Ill. June 20, 2011), one of the inapposite decisions cited by Defendant, where plaintiff failed to file a response to a motion to dismiss and *nine days later* filed a motion to amend his complaint.  *Panjwani*, at *1)

Factors four, five, and six from the *Pudela* list above do not apply here either.  There have been no findings of deficiency in Plaintiff's complaint, the only prejudice to Defendant is that it is in a lawsuit involving allegations against its product, and there can be no finding of futility before briefing is even completed.  "The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Fed. R. Civ. P. 15(b)(1).  Defendant wants Plaintiff boxed into dismissal, without full allegations, and without full briefing.  Until the motion to dismiss is fully briefed by the parties, it is not ripe for decision.  "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Plaintiff respectfully request that this Court use the broad discretion to allow amendments Defendant expressly acknowledges (Def. Response at p. 2) and grant Plaintiff's Motion for Leave to File Second Amended Complaint.

Dated:  April 23, 2021

**RESPECTFULLY SUBMITTED,**

**VAN WEY, PRESBY & WILLIAMS, PLLC**

BY: /s/ Ellen A. Presby
Ellen A. Presby (admitted *pro hac vice*)
Texas Bar No. 16249600
Susan Allen (admitted *pro hac vice*)
Texas Bar No. 01059350
Emma C. Martin
Texas Bar No. 24104999
12720 Hillcrest Road, Suite 600
Dallas, Texas 75230
(214) 329-1350 Phone
(800) 582-1042 Facsimile
courtfilings@vwpwlaw.com
ellen@vwpwlaw.com
susan@vwpwlaw.com
emma@vwpwlaw.com

**AND**

**THE LAW OFFICE OF KEITH ALTMAN**

BY: /s/ Keith Altman

Keith Altman (admitted *pro hac vice*)
California Bar No. 257309
33228 W. 12 Mile Road, Suite 375
Farmington Hills, MI 48334
(516) 456-5885 Phone
kaltman@lawampmmt.com

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing is being filed using the Court's CM/ECF system this 23rd day of April, 2021, which will automatically serve a copy to all known counsel of record via electronic mail.

/s/ Ellen A. Presby